IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADRIELLA RAMIREZ, RAYMOND REYESII, § § § § *Plaintiffs,* § § vs. § § UNITED STATES OF AMERICA, § § *Defendant.* § | SA-19-CV-00072-JKP |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services Under Texas Civil Practice and Remedies Code § 18.001 [#29]. This case was referred to the undersigned on August 12, 2019 for all non-dispositive pretrial proceedings [#18]. The Court has jurisdiction to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). In ruling on this motion, the Court has also considered Defendant's Response [#32], Plaintiffs' Reply [#33], and Defendant's Advisory [#36].

By their motion, Plaintiffs seek leave of Court to file affidavits concerning the reasonableness of costs and necessity of their medical care and expenses under Section 18.001 of the Texas Civil Practices and Remedies Code. This case is a personal-injury action arising from a motor-vehicle collision under the Federal Tort Claims Act. Plaintiffs argue that Section 18.001 is a Texas evidentiary rule intertwined with Plaintiffs' substantive rights and therefore applicable in federal court. Defendant opposes the motion, arguing that Section 18.001 is a purely procedural provision that does not apply in federal court. The Court agrees with Defendant and will deny the motion.

1

In Texas state court, a plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018). Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b). Texas courts have recognized that section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

In cases arising under the Federal Tort Claims Act, state substantive law applies, but "the Federal Rules of Civil Procedure . . . govern the manner and time in which defenses are raised and when waiver occurs" and other matters of procedure. *Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014). *See also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal district courts are split as to whether Section 18.001 is properly characterized as substantive or procedural. The undersigned has previously held, in a diversity action, that Section 18.001 is procedural in nature but should be applied in federal diversity actions because it is "bound up or

intertwined" with Texas substantive law.[1] *See Grover v. Gov't Employees Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)). The undersigned has never considered the statute in a Federal Tort Claims Act case. The Fifth Circuit has not spoken on the issue, either in the context of diversity cases or the Federal Tort Claims Act. Yet, Judge Rodriguez recently surveyed the split in the case law in the Western District of Texas in the context of a Federal Tort Claims Act case and sided with those courts finding Section 18.001 to be purely procedural and not applicable in federal court. *See Islas v. United States*, SA-19-CV-322-XR (Apr. 16, 2020) (dkt. 32). In doing so, Judge Rodriguez relied primarily on two Texas Supreme Court cases, both of which have characterized the statute as "purely procedural." *See Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018); *Haygood*, 356 S.W.3d at 397–98.

Again, courts in the Fifth Circuit are more or less evenly split on how to construe Section 18.001, and this split extends to the Western District of Texas, as noted by Judge Rodriguez. Many courts have concluded that Section 18.001 is a procedural rule intertwined with substantive rights under *Erie*, despite the Texas Supreme Court's categorization of the rule as procedural. The undersigned previously embraced this argument in the context of a removal action based on diversity jurisdiction. The undersigned is less inclined to embrace this position, however, in the context of a Federal Tort Claims Act case where one of the "twin aims" of *Erie*—discouragement of forum-shopping—is not at issue. *See Hanna*, 380 U.S. at 468.

Accordingly, the Court agrees with Judge Rodriguez that Section 18.001 should not apply in a negligence action arising under the Federal Tort Claims Act. Without the application of

---

[1] The undersigned has also entertained unopposed motions for the use of Section 18.001 affidavits in a diversity action and permitted the statute's use in light of the parties' agreement. *See Stokes v. Chan*, SA-17-CV-318-FB-ESC (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44).

Section 18.001 in this case, Plaintiffs may rely on expert testimony for proving the reasonableness of their medical costs in accordance with the Federal Rules of Civil Procedure. Because the Court has resolved this motion in Defendant's favor, it need not consider Defendant's alternative argument regarding the timeliness of Plaintiff's motion.  Nonetheless, the Court notes that the new time limits imposed on Section 18.001, which would arguably make Plaintiffs' motion untimely, are only applicable to cases commenced on or after the effective date of the amendments, which is September 1, 2019.  *See* H.B. 1693, 86th Leg., Ch. 779, at § 2 (Tex. 2019).  This lawsuit was filed on January 29, 2019.

    **IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services Under Texas Civil Practice and Remedies Code § 18.001 [#29] is **DENIED**.

    SIGNED this 6th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE